IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

MICHELLE R. LAMBERT
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
Telephone: (202) 616-7501
Facsimile: (202) 514-8865
Email:  michelle.lambert@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., and COALITION FOR A SAFE ENVIRONMENT, a California non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LISA JACKSON, in her official capacity as Administrator of the United States Environmental Protection Agency, and JARED BLUMENFELD, in his official capacity as Regional Administrator for Region IX of the United States Environmental Protection Agency,<br><br>Defendants. | Case No. CV-10-6029-MMM-AGR<br><br><br>**CONSENT DECREE** |

WHEREAS, on August 12, 2010, Plaintiffs Natural Resources Defense Council, Inc. and Coalition for a Safe Environment filed the complaint in the above-captioned matter against Defendants United States Environmental Protection Agency, Lisa P. Jackson, in her official capacity as Administrator of the United

States Environmental Protection Agency, and Jared Blumenfeld, in his official capacity as Regional Administrator for Region IX of the United States Protection Agency (collectively, "EPA"), alleging that EPA failed to fulfill certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2);

WHEREAS, section 110(a)(1) of the CAA , 42 U.S.C. § 7410(a)(1), requires States to adopt and submit to EPA for review state implementation plans ("SIPs"), which establish specific control measures and other requirements that apply to particular sources of air pollution within a State and are designed to attain, maintain, and enforce National Ambient Air Quality Standards ("NAAQS") established by EPA that specify the maximum permissible concentrations for those pollutants in the ambient air, *see* 42 U.S.C. §§ 7408, 7409;

WHEREAS, in 1997, EPA established an 8-hour ozone NAAQS and a 24-hour and an annual fine particulate matter ("PM2.5") NAAQS;

WHEREAS, EPA designated the South Coast Air Basin as "nonattainment" under section 107(d) of the CAA, 42 U.S.C. § 7407(d), for the 1997 ozone and PM2.5 NAAQS;

WHERAS, States are required to submit SIP revisions for designated "nonattainment" areas;

WHEREAS, section 110(k) of the CAA, 42 U.S.C. § 7410(k), sets forth the process by which EPA is to review SIP submissions, including revisions;

WHEREAS, if EPA finalizes a rulemaking disapproving the SIP revisions at issue in this litigation, sanctions would apply pursuant to section 179(b) of the CAA, 42 U.S.C. § 7509(b), and 40 C.F.R. § 52.31;

WHEREAS, Plaintiffs' complaint alleges that EPA has a nondiscretionary duty to act within the time lines set forth in section 110(k)(2) of the CAA, 42 U.S.C. § 7410(k)(2), on SIP submissions and revisions submitted to EPA;

WHEREAS, Plaintiffs' complaint alleges that EPA has failed to take final action within time lines set forth in section 110(k)(2) of the CAA to approve or disapprove (1) the State Strategy for the 2007 State Implementation Plan ("2007 State SIP"), submitted to EPA on November 16, 2007, and (2) the 2007 Air Quality Management Plan for the South Coast Air Quality Management District ("2007 South Coast SIP"), submitted to EPA on November 28, 2007;

WHEREAS, through discussions, the parties have limited the scope of this Consent Decree to address only those elements of the 2007 State SIP and 2007 South Coast SIP that were submitted by the State of California in response to EPA's designations of "nonattainment" for the South Coast Air Basin with respect to the 1997 NAAQS for ozone and PM2.5;

WHEREAS, Plaintiffs' complaint seeks an order from this court directing EPA to take final action on the agreed to portions of 2007 State SIP and 2007 South Coast SIP;

WHEREAS, the parties have agreed to a settlement of this action without admission of any issue of fact or law;

WHEREAS, the parties, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any final EPA action;

WHEREAS, the parties consider this Consent Decree to be an adequate and equitable resolution of all of the claims in this matter related to the elements of the 2007 State SIP and 2007 South Coast SIP submitted by the State of California in response to EPA's designations of "nonattainment" for the South Coast Air Basin with respect to the 1997 NAAQS for ozone and PM2.5;

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the parties agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in section 304(a)(2) of the CAA and that venue lies in the Central District of California;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is hereby ordered, adjudged and decreed that:

1. No later than September 30, 2011, EPA shall sign for publication in the Federal Register a notice of the Agency's final action on the portions of the 2007 State SIP and 2007 South Coast SIP that relate to EPA's "nonattainment" designation of the South Coast Air Basin with respect to the 1997 PM2.5 NAAQS, and thereafter send the notice to the Office of the Federal Register for review and publication.

2. No later than December 15, 2011, EPA shall sign for publication in the Federal Register a notice of the Agency's final action on the portions of the 2007 State SIP and 2007 South Coast SIP that relate to the nonattainment designation of the South Coast Air Basin with respect to the 1997 ozone NAAQS, and thereafter send the notice to the Office of the Federal Register for review and publication.

3. When EPA's obligations under Paragraphs 1 and 2 have been completed, the parties will file a joint request to the Court to dismiss this matter with prejudice.

4. The parties may extend the deadlines established in Paragraphs 1, 2, and 10 by written stipulation executed by counsel for the parties and filed with the Court. In addition, the deadlines established in Paragraphs 1, 2, and 10 may be extended by the Court upon motion by any party to this Consent Decree for good cause shown, after consideration of any response by the non-moving party.

5. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CAA and by general principles of administrative law, including the discretion to alter, amend or revise any response

and/or final action contemplated by this Consent Decree. EPA's obligation to take the action set forth in Paragraphs 1 and 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

6. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any decision made in the final action identified in Paragraphs 1 or 2. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to sections 307(b)(1) and 505 of the CAA, 42 U.S.C. §§ 7607(b)(1), 7661d.

7. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

8. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree shall be considered properly filed, unless Plaintiff has followed the procedure set forth in Paragraph 8 and provided EPA with written notice received at least ten (10) business days before the filing of such motion or proceeding.

10. EPA agrees that, pursuant to section 304(d) of the CAA, 42 U.S.C. § 7604(d), Plaintiff is both eligible and entitled to recover its costs of litigation in this action, including reasonable attorneys' fees, incurred prior to entry of this Consent Decree. The deadline for filing a bill of costs and a motion for costs of litigation, including reasonable attorneys' fees, pursuant to Local Rule 54-12 for activities performed in this case prior to the entry of this Consent Decree, is hereby extended

until 90 days after the date on which the Court enters this Consent Decree. During this time the parties shall seek to resolve informally any claim for costs of litigation, including reasonable attorneys' fees.

11. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

12. Plaintiffs and Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter this Consent Decree.

13. The parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to section 113(g) of the CAA, 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with section 113(g) of the CAA. If the Administrator and/or the Attorney General do not elect to withdraw or withhold their consent, EPA shall promptly file a motion that requests the Court to enter this Consent Decree.

14. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile, email or other means, and sent to the following:

For Plaintiff:
>Adriano L. Martinez
>Natural Resources Defense Council
>1314 Second St.
>Santa Monica, CA 90401
>Telephone: (310) 434-2300
>Facsimile: (310) 434-2399
>Email: amartinez@nrdc.org

        Angela Johnson Meszaros
        Law Offices of Angela Johnson Meszaros
        1107 Fair Oaks Avenue #246
        South Pasadena, CA 91030
        Telephone: (323) 229-1145
        Facsimile:  (310) 878-0116
        Email:  angela@cleanairmatters.net

For Defendants:
        Michelle R. Lambert
        U.S. Department of Justice
        Environmental Defense Section
        P.O. Box 23986
        Washington, DC 20026-3986
        Telephone: (202) 616-7501
        Facsimile: (202) 514-8865
        Email:  michelle.lambert@usdoj.gov

        Jan Tierney
        Office of the General Counsel
        U.S. Environmental Protection Agency
        Ariel Rios Bldg. MC 2344A
        1200 Pennsylvania Ave., N.W.
        Washington, D.C. 20460
        Phone:  (202) 564-5598
        Fax:  (202) 564-5603
        Email: tierney.jan@epa.gov

        Ann Lyons
        Office of Regional Counsel
        U.S. Environmental Protection Agency
        75 Hawthorne Street, MC ORC-2
        San Francisco, CA 94105
        Phone: (415)-972-3883
        Fax:  (415) 947-3570
        Email: lyons.ann@epa.gov

15. The undersigned representatives of each party certify that they are fully authorized by the party that they represent to bind that party to the terms of this Consent Decree.

**IT IS SO ORDERED.**

Dated: February 8, 2011

                                                  JUDGE MARGARET M. MORROW
                                                  United States District Court Judge

COUNSEL FOR PLAINTIFFS:

Dated: December 13, 2010     NATURAL RESOURCES DEFENSE COUNCIL

                               By:   /s/ Adriano L. Martinez (with permission)
                                     Adriano L. Martinez
                                       Natural Resources Defense Council
                                       1314 Second St.
                                       Santa Monica, CA 90401
                                       Telephone: (310) 434-2300
                                       Facsimile: (310) 434-2399

                                       *Attorneys for Plaintiffs Natural Resources Defense Council and Coalition for a Safe Environment*

Dated: December 13, 2010     LAW OFFICES OF ANGELA JOHNSON MESZAROS

                               By:   /s/ Angela Johnson Meszaros (with permission)
                                       Angela Johnson Meszaros
                                       Law Offices of Angela Johnson Meszaros
                                       1107 Fair Oaks Avenue #246
                                       South Pasadena, CA 91030
                                       Telephone: (323) 229-1145
                                       Facsimile:  (310) 878-0116

                                       *Attorneys for Plaintiff Coalition for a Safe Environment*

COUNSEL FOR DEFENDANTS:

Dated: December 13, 2010     IGNACIA S. MORENO
                                       Assistant Attorney General
                                       Environment & Natural Resources Division

```
                    By:  /s/ Michelle R. Lambert
                         MICHELLE R. LAMBERT
                         U.S. Department of Justice
                         Environmental Defense Section
                         P.O. Box 23986
                         Washington, DC 20026-3986
                         Telephone: (202) 616-7501
                         Facsimile: (202) 514-8865

                         Attorneys for Defendants
```